IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **JOSCELYNE CUMMINGS,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:19-cv-00053-O-BP |
| § | |
| **ANDREW M. SAUL,** § | |
| **Commissioner of Social Security,** § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Joscelyne Cummings ("Cummings") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of Social Security ("Commissioner") of her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), and Supplemental Security Income ("SSI") payments under Title XVI. ECF Nos. 1 and 13. After considering the pleadings, briefs, and the administrative record, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **AFFIRM** the Commissioner's decision.

I.   **STATEMENT OF THE CASE**

Cummings was born on August 21, 1982, has at least a high school education, and can communicate in English. *See* SSA Admin. R. (hereinafter, "Tr.") 29, ECF No. 11-1. Her employment history includes work as a customer service representative, home attendant, and cashier checker. Tr. 28. Cummings filed applications for a period of disability, DIB, and SSI payments on February 19, 2016. Tr. 19. In all applications, she alleged that her disability began on June 28, 2015. *Id.* The claim was denied initially and upon reconsideration. *Id.* Cummings

requested a hearing, which was held before Administrative Law Judge ("ALJ") Trace Baldwin on August 24, 2017 via video, with Cummings in Wichita Falls, Texas, and the ALJ in Oklahoma City, Oklahoma. *Id.* A vocational expert ("VE") also appeared at the hearing. *Id.* The ALJ issued his decision on August 28, 2018, finding that Cummings was not disabled. Tr. 30.

Specifically, the ALJ employed the statutory five-step analysis and established during step one that Cummings had not engaged in substantial gainful activity since June 28, 2015, the alleged onset date. Tr. 22. At step two, he determined that Cummings had severe impairments of major depressive disorder, post-traumatic stress disorder, attention deficit hyperactivity disorder, and tricompartmental primary degenerative arthritis. *Id.* At step three, the ALJ found that Cummings's impairments did not meet or equal in combination one of the impairments listed in 20 C.F.R. pt. 404(p). *Id.*

At step four, the ALJ ruled that Cummings had the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except with the following limitations: Cummings could occasionally lift and/or carry twenty pounds and ten pounds frequently; she could occasionally push and/or pull, which includes the operation of hand and foot controls; she could occasionally climb ramps and stairs but should avoid climbing ladders, ropes, or scaffolding; she could frequently balance and occasionally stoop, kneel, and crouch; she should avoid crawling; she could understand, remember, carry out, and concentrate on simple work-related instructions and tasks; she could work with supervisors and coworkers superficially but should avoid work with the public; and she is capable of adapting to routine changes. Tr. 23. The ALJ concluded that Cummings was unable to perform her past relevant work. Tr. 28. At step five, he found that considering Cummings's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she could perform. Tr. 29.

The Appeals Council denied review on March 28, 2019. Tr. 1. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II.     STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. § 404 (2020). The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A) (2020); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be engaged in any substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002) (citing 20 C.F.R. § 404.1572(a)–(b)). Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(a)(4)(ii); *see Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, the impairments must prevent the claimant from returning to past relevant work. *Id.* § 404.1520(a)(4)(iv). Before this step, the ALJ assesses

the claimant's RFC, which is "the most [a claimant] can still do despite [the claimant's] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1). Fifth, impairments must prevent the claimant from doing any work after considering the claimant's RFC, age, education, and work experience. *Crowley*, 197 F.3d at 197–98; 20 C.F.R. § 404.1520(a)(4)(v).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [he or] she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

This Court reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (internal quotation marks omitted) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Id.*; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and

not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (internal punctuation omitted) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III. ANALYSIS

Cummings raises one issue on appeal. She argues that the ALJ's RFC finding is errant because it does not conform to the jobs that the ALJ determined she could perform at step five. ECF No. 13 at 3-4. Specifically, she argues that because the ALJ's RFC finding states that she can "occasionally push and/or pull, which includes the operation of hand and foot controls," but the jobs that the ALJ found at step five require frequent reaching, handling, and fingering, the VE's testimony that she could perform jobs involving frequent reaching, handling, and fingering was improper and that the ALJ should not have adopted this testimony. *Id.* at 3-6. The Commissioner responds that Cummings's argument is without merit because the ability to push and/or pull, which is related to an individual's exertional capacity, involves a different action than the ability to reach, handle, and finger, which is related to non-exertional, manipulative limitations. ECF No. 14 at 5-7. Additionally, the Commissioner argues that Cummings's argument is waived because she neither cross-examined the VE on this issue nor offered contradictory evidence that she could not perform the jobs identified by the VE. *Id.* at 7.

The undersigned agrees with the Commissioner that pushing and pulling are not the same as reaching, handling, and fingering. "Reaching" has been defined as requiring the ability to extend the hands and arms in any direction; "handling" means seizing, holding, grasping, turning, or otherwise working primarily with the whole hand or hands; and "fingering" involves picking, pinching, or otherwise working primarily with the fingers. *See* SSR 85-15, 1985 WL 56857 at *7. These manipulative abilities are non-exertional job requirements. SSR 96-9p, 1996 WL 374185 at *7-*8. Pushing and pulling, however, are included in the strength demands that make up a

claimant's exertional capacity. SSR 96-8p, 1996 WL 374184 at *5. "Exertional capacity addresses an individual's limitations and restrictions of physical strength and defines the individual's remaining abilities to perform each of seven strength demands: Sitting, standing, walking, lifting, carrying, pushing, and pulling." *Id.* Given this difference, the undersigned finds that Cummings's limitation to occasional pushing and pulling does not preclude her ability to reach, handle, and finger frequently. Accordingly, there is no conflict between the RFC and step five findings, and substantial evidence supports the ALJ's determination regarding Cummings's ability to perform the jobs of mail clerk, laundry worker, and production welder.

Additionally, after the ALJ secured answers to vocational interrogatories from the VE, he proffered this document to Cummings with instructions on how to respond. However, Cummings did not submit a response. Therefore, even though the ALJ afforded Cummings an opportunity to cross-examine the VE, she chose not to do so. Nor did she offer any contrary evidence that she could not perform the jobs identified by the VE. *See Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005) (finding that the claimant failed to meet his burden of proof at step five when the claimant neither cross-examined the VE nor offered evidence contrary to the VE's testimony). For this additional reason, Cummings's challenge to the step five finding is unfounded, and reversal on this basis is not required.

## IV.    CONCLUSION

There is no conflict between the ALJ's RFC and step five findings. Additionally, Cummings did not satisfy her burden to prove that she could not perform the kinds of jobs identified by the VE. Therefore, the ALJ properly relied on the VE's testimony that Cummings could work as a mail clerk, laundry worker, and production welder. Because the ALJ employed

the correct legal standards and substantial evidence in the record supports his decision, the undersigned **RECOMMENDS** that Judge O'Connor **AFFIRM** the Commissioner's decision.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed on June 19, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE